956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMEX ASSURANCE COMPANY, Plaintiff-Appellant/Cross-Appellee,
v.
Calvin ELLISON, Defendant-Appellee/Cross-Appellant.
 Nos. 90-56238, 91-55173.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided March 6, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Amex's complaint sought a declaratory judgment that the benefits it had paid to Ellison for long-term disability had been wrongfully acquired by him since he was not, in fact, totally disabled. Although not artfully pled, federal jurisdiction was stated in Amex's claim that the policy was issued to an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.
 
 
 3
 Ellison filed a motion to dismiss for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(b)(1). Although matters extraneous to the complaint were submitted to the district court, the order granting Ellison's motion recited that it was entered pursuant to FED.R.CIV.P. 12(b)(1). From the record before us, we cannot determine whether the district court considered the material outside the complaint and must assume that it did not.
 
 
 4
 Amex's complaint alleged that Ellison's employer provided benefits to its employees, including Ellison, "pursuant to an employee welfare benefit plan under ... (ERISA)." It alleged further that Amex issued the long-term disability policy to the employee welfare benefit plan of Ellison's employer. Finally, it alleged that Ellison was a participant in the plan which incorporated the disability insurance policy provided by Amex to the plan.
 
 
 5
 Federal jurisdiction was based on 28 U.S.C. §§ 2201 and 2202 (declaratory judgment) and 29 U.S.C. § 1132(e). If the policy itself was a "plan" or part of a "plan" for ERISA purposes, the district court would have had jurisdiction over Amex's suit, even though Amex may later have lost on the merits. In other words, jurisdiction does not depend on the ultimate result, but on whether the plaintiff has stated a claim which comes within the bases of federal jurisdiction urged.
 
 
 6
 The allegations of the complaint, while conclusory, are sufficient to allege the existence of an ERISA plan as defined in 29 U.S.C. § 1002(1). See Silvera v. Mutual Life Ins. Co., 884 F.2d 423 (9th Cir.1989); Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). Whether the policy falls within the exceptions of 29 C.F.R. 2510.3-1(j) is a matter of defense to be asserted by Ellison. Given the liberality of the rules of pleading reflected in the Federal Rules of Civil Procedure, Amex said enough to insulate its complaint from a Rule 12(b)(1) dismissal.
 
 
 7
 Because we reverse on the merits of this appeal, Ellison's cross-appeal requesting attorney fees is rendered moot. See Bldg. Material and Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 513 (9th Cir.1989).
 
 
 8
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3